IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Biafra Monique Curtis, | ) | C/A No.  3:15-3753-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Public Safety; | ) | |
| Warren Ganjehsani; Mike Oliver; Leroy Smith; | ) | |
| Kenneth Phelps; Anthony Grice; William | ) | |
| Taylor; Nicklous King; Willie McCauley, Jr.; | ) | |
| Ada Schmidt; Aaron Canzater; Cherie Young, | ) | |
| *Individually and in their official capacities*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Biafra Monique Curtis ("Curtis"), proceeding *pro se*, filed this action pursuant

to 42 U.S.C. § 1983.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil

Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss.

(ECF No. 5.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised

Curtis of the summary judgment and dismissal procedures and the possible consequences if she

failed to respond adequately to the defendants' motion.  (ECF No. 6.)  Curtis filed a response in

opposition.  (ECF No. 15.)  Having reviewed the parties' submissions and the applicable law, the

court finds that the defendants' motion should be granted in part.

### BACKGROUND

Curtis alleges she was injured in a motor vehicle accident on Interstate 26 in South Carolina,

having been forced off the road by an unknown driver in a vehicle collision on September 27, 2012.

---

[1] The defendants removed this action from the Richland County Court of Common Pleas.



She alleges that the failure of the South Carolina Highway Patrol—a division of the South Carolina

Department of Public Safety—to properly investigate the wreck deprived her of her opportunity to

sue the alleged at-fault driver for her injuries.  Curtis's Complaint purports to allege claims for

negligence, violations of oath of office, violations of her civil rights, conspiracy, dereliction of

duties, crimes of moral turpitude, violations of policy, and neglect of duty.  (Compl., ECF No. 1-1

at 22-45.)  Curtis seeks monetary relief.  (Id. at 46.)

## DISCUSSION

### A.    Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal

sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of

Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual

allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual

content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.

Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations

contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints.  Id.  Such *pro

se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v.

Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally

construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious



case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal

court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true.

Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)).  The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court

may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d

1128 (10th Cir. 1999), construct the plaintiff's legal arguments for her, Small v. Endicott, 998 F.2d

411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City

of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Defendants' Motion to Dismiss**

**1.    Federal Claims**

Curtis appears to assert three federal causes of action in her Complaint:  negligence under

42 U.S.C. § 14141; a civil rights violation under 42 U.S.C. § 1983;[2] and a conspiracy to conceal acts

under 42 U.S.C. § 1985.

**a.    Negligence**

Section 14141 prohibits

any governmental authority, or any agent thereof, or any person acting on behalf of
a governmental authority, to engage in a pattern or practice of conduct by law
enforcement officers or by officials or employees of any governmental agency with

---

[2] To the extent Curtis references other federal statutes in her Complaint such as 42 U.S.C.
§ 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; and the Americans
with Disabilities Act, 42 U.S.C. §§ 12101, et seq., any such allegations are without any factual
support and thus are insufficient to state a plausible federal claim.  Iqbal, 556 U.S. at 678 (holding
that a complaint does not "suffice if it tenders naked assertions[s] devoid of further factual
enhancement") (alteration in original) (internal quotation marks and citation omitted).  Accordingly,
to the extent Curtis attempts to allege such claims, they should be dismissed.



responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 14141(a). This statute further authorizes the Attorney General to bring suit when he "has reasonable cause to believe that a violation of [§ 14141(a)] has occurred." Id. § 14141(b). Thus, a private citizen may not bring suit under 42 U.S.C. § 14141. See Dyson v. Le'Chris Health Sys. Inc., No. 4:13-CV-224-BO, 2014 WL 271660, at *6 (E.D.N.C. Jan. 24, 2014); Ferrer v. Garasimowicz, No. 1:13CV797 LMB, 2013 WL 5428110, at *4 (E.D. Va. Sept. 27, 2013) ("Only the Attorney General of the United States, rather than a private citizen like plaintiff, is authorized to bring suit.") (citing 42 U.S.C. § 14141). Accordingly, Curtis may not pursue a cause of action under 42 U.S.C. § 14141.

**b.    Civil Rights**

The defendants argue that Curtis's § 1983 claim fails because she has failed to identify a protected right that falls within the scope of § 1983. (ECF No. 5-1 at 6-8.) A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In this action, Curtis's § 1983 claims are apparently based upon the failure of the Department and the officers to properly investigate the accident. However, Curtis's allegations are not cognizable under § 1983, as "[t]hird parties do not enjoy a constitutionally protected right to have wrongdoers criminally investigated or prosecuted, even if a third party is the victim of an alleged



wrongdoer[']s criminal acts." Merrit v. City of Ennis, No. Civ. A. 3:04CV2606-G, 2005 WL 440408, at * 3 (N.D. Tex. Feb. 24, 2005) (citing Love v. Bolinger, 927 F. Supp. 1131, 1137 (S.D. Ind. 1996); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990); Johnson v. Craft, 673 F. Supp. 191, 193 (S.D. Miss. 1987)). Curtis has not asserted the violation of a right which is secured by the Constitution and laws of the United States.

To the extent Curtis summarily argues a violation of the Due Process Clause of the Fourteenth Amendment, such a claim also fails. The Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. However, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Accordingly, Curtis's § 1983 claims, which appear to rest on alleged negligent conduct by the defendants, must be dismissed.

### c.    Conspiracy

Curtis asserts a federal claim of "conspiracy to conceal acts and omissions" under 42 U.S.C. § 1985. Under 42 U.S.C. § 1985(3), an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995); Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). Curtis alleges that the defendants participated in a conspiracy to "defeat



enforcement of the laws," and to deprive her of her rights.  (Compl., ECF No. 1-1 at 31-36.)

However, speculation and conjecture are insufficient to demonstrate a conspiratorial agreement and

the Complaint provides insufficient facts to demonstrate that the defendants came to any mutual

understanding or acted "jointly in concert" to deprive Curtis of any constitutional right.  See Hinkle

v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996); see also Ruttenberg v. Jones, 283

F. App'x 121, 131 (4th Cir. 2008).  Curtis also fails to allege facts indicating any discriminatory

motive on the part of the defendants.  Thus, to the extent Curtis attempts to allege a cause of action

for conspiracy arising under 42 U.S.C. § 1985(3), she has failed to plead a plausible claim.

### 2. State law claims

Curtis also raises a multitude of state law claims.  However, in light of the court's

recommendation that the federal claims be dismissed, the court should decline to exercise

supplemental jurisdiction over such claims.  See 28 U.S.C. § 1367(c)(3); see also United Mine

Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290

F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal

claims remained in the case).

### C. Curtis's Motion for Default Judgment

Curtis also moves for a default judgment, arguing that the defendants failed to file an answer

to her Complaint.  (ECF No. 12 at 2.)  In response, the defendants confirm that they timely filed a

motion to dismiss and are thus not in default.  (ECF No. 14.)

Federal Rule of Civil Procedure 55(a) clearly states that the court must enter a party's default

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend."  The court also notes that, as a general matter, the law disfavors default



judgments.  Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor, 895 F.2d

949, 950 (4th Cir. 1990).  As the defendants have filed a motion to dismiss in response to Curtis's

Complaint, Curtis cannot show that the defendants have "failed to plead or otherwise defend."  Fed.

R. Civ. P. 55(a); see also Fed. R. Civ. P. 12(a)(4) (stating that filing and serving a motion to dismiss

alters the period for filing a responsive pleading).  Therefore, default judgment is not appropriate,

and Curtis's motion should be denied.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion to dismiss (ECF No. 5) be

granted with regard to Curtis's federal claims and that Curtis's motion for default judgment (ECF

No. 12) be denied.  Additionally, the court should decline to exercise supplemental jurisdiction over

Curtis's state law claims, which should be remanded to the Richland County Court of Common

Pleas.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 26, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).