

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BIAFRA MONIQUE CURTIS,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF<br>PUBLIC SAFETY; WARREN GANJEHSANI;<br>MIKE OLIVER; LEROY SMITH; KENNETH<br>PHELPS; ANTHONY GRICE; WILLIAM<br>TAYLOR; NICKLOUS KING; WILLIE<br>MCCAULEY, JR.; ADA SCHMIDT;<br>AARON CANZATER; CHERIE YOUNG,<br>*Individually and in their official capacities*,<br>　　　　　　　Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 3:15-3753-MGL |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS MOTION TO DISMISS
AS TO PLAINTIFF'S FEDERAL CLAIMS,
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
AND REMANDING PLAINTIFF'S STATE CLAIMS TO STATE COURT

This is a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendants' motion to dismiss be granted with regard to Plaintiff's federal claims and Plaintiff's motion for default judgment be denied. Further, the Report suggests that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and instead remand them to the Richland County Court of Common Pleas. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 26, 2016. Although Plaintiff's objections to the Report were due no later than March 14, 2016, she failed to file any document titled "Objections." Instead, on March 11, 2016, the Clerk of Court entered Plaintiff's "Notice of Appeal." But, the Fourth Circuit's jurisdiction is limited to consider only final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. 1292. The Report does not fit into any of these three categories.

Because the Court is required to liberally construe pro se pleadings, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and because Plaintiff's "Notice of Appeal" was filed within the time-frame that objections were to be filed, the Court has no choice other than to construe Plaintiff's "Notice of Appeal" as her objections to the Report, *see*, *e.g., Hester v. N.C. Atty. Gen.*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) (interpreting a "Notice of Appeal" as "Objections to the Report" when the petitioner filed a notice of appeal instead of objections to the Report during the time period for filing objections to the Report).

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding that general objections are insufficient to preserve appellate review). Here, Plaintiff was warned of the

2

consequences of failing to file specific objections, Report 8, but she neglected to do so. In that Plaintiff failed to specify the portions of the Report to which she objected, this Court holds that she has waived appellate review.

After a thorough de novo review of the Report and the record in this case, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' motion to dismiss is **GRANTED WITH REGARD TO PLAINTIFF'S FEDERAL CLAIMS** and Plaintiff's motion for default judgment is **DENIED**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Consequently, Plaintiff's state claims are **REMANDED** to the Richland County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2016, in Columbia, South Carolina.

s/ Mary G. Lewis<br>
MARY G. LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.